**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL E. PARKER, SR.,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

     Defendant - Appellee.

No. 16-3246
(D.C. No. 2:15-CV-09263-CM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.
_____

    Michael E. Parker appeals from the district court's judgment upholding the

Commissioner's decision to deny his applications for disability insurance benefits

(DIB) and supplemental security income (SSI). Exercising jurisdiction under 28

U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

Parker is 47 years old.  He used to work as a short-order cook and then as a light industrial laborer, stocking shelves with lightweight automobile parts.  He claims he has not been able to work since April 1, 2005, because of lung disease, chronic back pain, and knee pain.  The record documents these maladies and also shows sporadic treatment for depression, anxiety, marijuana abuse, hypertension, and Bell's palsy.

Parker applied for DIB and SSI in 2008, but the Commissioner denied his application for benefits, both on initial consideration and reconsideration.  Parker then obtained a hearing before an administrative law judge (ALJ), at which time he was represented by counsel (since then he has represented himself).  Since that initial hearing, three different ALJs have concluded Parker was not disabled during the relevant time period.  The district court reversed and remanded the first two decisions, which were issued on December 21, 2010, and January 24, 2013.  But it affirmed the latest decision, which was issued on August 28, 2015.  We are called upon to assess only that third decision.

The ALJ applied the familiar five-step sequential evaluation process used to assess social security claims.  *See* 20 C.F.R. § 404.1520(a)(4).  At step one he found Parker not to have engaged in substantial gainful activity since his alleged onset date and, at step two, that Parker has three severe impairments that significantly limit his ability to perform basic work activities: degenerative disc disease, tendonitis, and interstitial lung disease.  But he deemed Parker's mental health and other

impairments to be nonsevere based on an in-depth analysis of his functional abilities. At step three he concluded Parker's impairments not to be presumptively disabling and, at step four, that Parker has the residual functional capacity (RFC) to perform sedentary work, with some nonexertional limitations; however, he cannot perform his past relevant work. At step five came consideration of Parker's age, limited education, work experience, and RFC and a finding of his ability to perform unskilled, sedentary jobs existing in significant numbers in the national economy— namely, credit checker, administrative support worker, and production checker. Because Parker can make an adjustment to other work, the ALJ concluded he is not disabled within the meaning of the Social Security Act.

The assessment of Parker's credibility was critical to this decision. The ALJ analyzed Parker's treatment records, sporadic work history, and poor earnings, as well as the medical opinions and third-party reports. Based on that information, he concluded Parker's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible." R. at 758. Moreover, the record did not support "[t]he extent of [Parker's] alleged functional limitations." R. at 760.

The Social Security Administration's Appeals Council denied Parker's request for review, making the ALJ's determination the Commissioner's final decision for purposes of judicial review. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). The district judge agreed as memorialized in an order dated July 19, 2016. Parker, still proceeding pro se, brings this timely appeal.

**II.     Discussion**

Parker's arguments on appeal are difficult to follow. As a threshold matter, he does not comply with Federal Rule of Appellate Procedure 28, which requires an appellant's opening brief to "contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). And for the most part, he merely recites the relevant standards and recounts the ALJ's decision, without pinpointing specific errors. Because Parker is proceeding pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). But we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

To the extent Parker advances substantive arguments, he seems to merely repeat arguments that did not pass muster in district court. He generally challenges the RFC and claims he cannot perform any sedentary work because of his health problems. He also criticizes the ALJ's handling of the opinion of the treating physician, Dr. S. R. Reddy Katta, albeit only indirectly. *See* Aplt. Reply Br. at 11 ("The ALJ should have found that Plaintiff's degenerative disc disease and degenerative joint disease establish disability based upon Dr. Katta's [opinion].").

In reviewing the Commissioner's decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Instead, we review the

4

decision only "to determine whether it is free from legal error and supported by substantial evidence." *Krauser*, 638 F.3d at 1326. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (internal quotation marks omitted). It is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

This standard of review is readily satisfied here. Having thoroughly reviewed the parties' briefs, the record, and the applicable law, we agree with the district court "that the ALJ gave plaintiff the benefit of the doubt in many areas, and made no error in reviewing the record and applying the law." R. at 1357. Likewise, the ALJ's decision is supported by substantial evidence. He properly evaluated Parker's credibility and weighed the medical evidence, as is clear from the detailed discussion of the treatment records and medical opinions. Accordingly, we affirm for substantially the same reasons articulated by the district court in its well-reasoned Memorandum and Order.

## III. Conclusion

The judgment of the district court upholding the Commissioner's denial of benefits is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge